UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:11-CV-00148-KKC

LONNIE CONLEY, PLAINTIFF,

v.    **MEMORANDUM OPINION AND ORDER**

APPALACHAIN REGIONAL HEALTHCARE, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand (DE 5) filed by the Plaintiff. For the following reasons, the motion will be denied.

The Plaintiff filed this action in Pike County Circuit Court. In his Complaint, he alleges that he was employed by the Defendant as a Licensed Practical Nurse and that he was also an official with the United Steel Workers, Local Union 14398 (the "Union").

He asserts that the Defendant fired him on or about September 9, 2008 and that he filed a grievance regarding the termination which was arbitrated pursuant to the Collective Bargaining Agreement ("CBA") between the Union and the Defendant. He asserts that the arbitrator ordered that the Defendant reinstate him with full seniority but that the Defendant failed to do so. He seeks past and future wages and punitive damages.

The Defendant removed the Plaintiff's action to this Court stating that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Labor Management Relations Act ("LMRA"), 29 U.S.C.§ 141, *et seq*.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the

United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. 185(a).

The Supreme Court has determined that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23 (1983)(footnote omitted). Section 301 not only preempts state claims but also authorizes removal of actions that seek relief under state law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003).

Thus, an action alleging a violation of a contract between an employer and a labor organization as addressed in Section 301 is removable under this Court's federal-question jurisdiction.

The Plaintiff claims that the Defendant has failed to abide by the arbitration award.  This is actually a claim that the Defendant breached the CBA.  This is because it is the CBA that obligates the Defendant to comply with the arbitrator's award.  The CBA provides that the award is "final, conclusive and binding" upon the parties. (DE 1, Notice of Removal, Att. 2, CBA, p. 77, Art. 33, § J.)  *See City of Saginaw v. Service Employees Intern. Union, Local 446-M*, 720 F.2d 459, 461-62 (6th Cir. 1983)(action to enforce an arbitration award "rendered pursuant to a collective bargaining-agreement 'arises under' § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and thus falls within original federal-question jurisdiction. . . .")

Accordingly, the Plaintiff's claim is preempted by Section 301 and is removable. For these reasons, the Court hereby ORDERS that the Plaintiff's Motion to Remand (DE 5) is DENIED.

Dated this 20th day of April, 2012.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge