UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 11-148-KKC

LONNIE CONLEY,                                                                                PLAINTIFF,

V.         **MEMORANDUM OPINION AND ORDER**

APPALACHIAN REGIONAL HEALTHCARE, INC.                           DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Lonnie Conley alleges that his former employer, Appalachian Regional Healthcare ("ARH") refused to comply with the Arbitration Opinion and Award of March 2010 directing that Conley be reinstated to his previous employment. Both parties have filed motions for summary judgment and responses. For the following reasons, Conley's motion (R. 10) will be denied because he lacks standing to pursue his claim and ARH's Motion (R. 11) will be granted.

## BACKGROUND

Conley was employed as a licensed practical nurse at Appalachian Regional Healthcare ("ARH) and a member of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (the "Union"). ARH and the Union are parties to a collective bargaining agreement (R. 1, Exhibit 2). This case arises out of at least one grievance filed by the Union pursuant to that agreement and the arbitration and award that resulted from that process.

On August 9, 2008, while off-duty, Conley was arrested for driving while intoxicated. On August 11, ARH officials suspended Conley pending resolution of the criminal charges

1

against him. Thereafter, on August 26, 2008, while on suspension, Conley delivered a pot of chili to employees working the night shift at ARH. ARH policy prohibits suspended employees from ARH property during their suspensions. The following day, ARH determined that Conley's physical presence on ARH property during his suspension violated ARH policy and constituted insubordination. Conley was discharged from employment at ARH. The Union on Conley's behalf then filed a formal grievance over his discharge. That grievance was processed according to the collective bargaining agreement and ultimately presented to arbitration. On March 15, 2010 an arbitrator found Conley to be in violation of an ARH employee termination policy prohibiting insubordinate behavior. However, the arbitrator concluded that his punishment was disproportionate to the conduct and that he should not have been discharged from ARH and reinstated Conley without back pay. ARH moved to vacate the arbitrator's decision and that decision was ultimately affirmed by the U.S. District Court in civil action no. 10-CV-00057-ART, *Appalachian Regional Healthcare, Inc. v. United Steel Workers International, et.al*.

Although the parties dispute the circumstances surrounding the events following that award, it appears that at some point the Union filed a second grievance in March or April 2010. According to ARH, Conley was reinstated to employment at ARH in accordance with the March 2010 award and decision; however, he was discharged a second time for entering a guilty plea to the underlying DUI charge. R. 11, Exhibit 2 at 15 (Letter from ARH to Conley dated April 29, 2010). The Union ultimately withdrew this second grievance with prejudice. R. 11, Exhibit 2 at 28 (Transcript from the Arbitration Hearing 14398-08-10). Conley filed this present action in Pike Circuit Court in August 2011 and ARH removed the instant case on September 21, 2011.

**ANALYSIS**

Conley has moved for summary judgment arguing that ARH has not complied with the March 2010 arbitration decision because his employment was never reinstated. In response, ARH argues that it is axiomatic that Conley could not have been discharged a second time if he had not in fact been reinstated. Conley makes no reference to this second grievance in his complaint and claims that he had no knowledge of this second grievance. Rather, his suit brought against ARH solely seeks to confirm the 2010 arbitration award—namely that he be reinstated to employment as ordered in that award.

Here, summary judgment is appropriate in favor of ARH. It has already been determined that Conley's claim that ARH failed to abide by the arbitration award is a claim that ARH breached the CBA and is thus governed by section 301 of the LMRA. *See* R. 9 at 2. However, Conley, as an individual plaintiff, has no standing to pursue this current suit because it does not involve the Union. It is not disputed that ARH and the Union were signatories to the underlying collective bargaining agreement and it is this agreement that obligates ARH to comply with the arbitrator's award. As signatories to the collective bargaining agreement, only those parties have standing to modify, vacate or enforce the award. *See Gilreath v. Clemens & Co.*, 212 Fed. App'x 451, 465 (6th Cir. 2007)(unpublished)(finding that discharged employee lacked standing to petition to vacate an arbitration award and imposed Rule 11 sanctions); *Bacashihua v. USPS*, 859 F.2d 402, 405 (6th Cir. 1988)(finding an employee who was not a party to the arbitration is prohibited from "appealing the results of the arbitration between the employee's union and employer"). "The general rule in LMRA actions is that an individual employee has no standing to file an action against [his] employer without also filing suit against [the] Union for breach of the CBA." *Aloisi v. Lockheed Martin Energy Sys.*, 321 F.3d 551, 558 (6th Cir. 2003).

In response to the standing argument raised by ARH, Conley simply makes conclusory arguments and makes no reference to any case law in support that he has standing. Conley did not file a hybrid 301 claim against both the Union and his employer ARH. Therefore, Conley lacks standing to raise his claims. Because Conley lacks standing the court need not address the merits of the underlying summary judgment motions or ARH's additional statute of limitations argument. In addition, the court need not address the second grievance that ARH mentions in its briefing because that grievance was ultimately withdrawn by the Union and because Conley did not address that grievance in his complaint nor does he raise it in any of his briefing, other than to disavow that he took any part in it. Rather, his complaint focuses squarely on the first arbitration award that has already been upheld. *See* civil action no. 10-CV-00057-ART, *Appalachian Regional Healthcare, Inc. v. United Steel Workers International, et.al*.

Accordingly,

**IT IS ORDERED** that Conley's motion for summary judgment (R. 10) is **DENIED**

**IT IS FURTHER ORDERED** that ARH's motion for summary judgment (R. 11) is **GRANTED**.

Dated this 11th day of December, 2012.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge